UNITES STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

DENNIS E. HECKER     Case No. 09-50779-RJK

    Debtor.     Chapter 7

---

GELCO CORPORATION, D/B/A GE FLEET,     ADV Pro. No. 09-05039
SERVICES, a Delaware corporation,

    Plaintiff,

vs.

DENNIS E. HECKER

    Defendant.

---

## ANSWER
_____

Defendant Dennis E. Hecker ("Hecker") for his Answer to the Complaint of Plaintiff GELCO Corporation d/b/a GE Fleet Services ("GELCO") states and alleges upon knowledge with respect to his own acts, and upon information and belief with respect to all other matters, as follows:

### Introduction

GELCO comes before this Court asserting fraud and fraudulent conduct by Defendant when there exists no factual or legal basis in which to substantiate its claims. GELCO fails to inform the Court of its extensive financial knowledge of Hecker and the Hecker entities due to the six (6) month period on time in which it conducted its own due diligence prior to purchasing

**1**

the assets of Rosedale Leasing - - which predates the two transactions found in the Complaint.

The GE Fleet Lease involves a transaction wherein <u>Plaintiff requested</u> Rosedale Dodge, Inc. and Rosedale Leasing LLC to assist Plaintiff in taking distressed vehicles that were left over from an unrelated transaction involving only Plaintiff.  There was no reliance on Defendant's personal financial statement, as alleged, for entering into the transaction.  Defendant was providing a financial accommodation to Plaintiff, not the other way around.  Moreover, Plaintiff does not inform the Court that Defendant offered to provide a partial assignment of his buyout payments due from Plaintiff.  Plaintiff on its own has availed itself to an ongoing offset of the earn out on his sale of assets to Plaintiff, thereby more than covering amounts claimed to be due and owing.

The GE Fleet Airplane Financings relate to an ongoing relationship between the parties in which the value of the aircraft was always more than sufficient to cover amounts that were ever due and owing under any outstanding financial arrangements.  There was typically a 70 to 80% loan to value for all airplane financings.  Plaintiff's financing relationships essentially "handcuffed" Defendant to continue to do business with Plaintiff due to the sizeable prepayment penalties, unless financing new aircraft through Plaintiff..  Plaintiff's claims for damages due on an aircraft to be manufactured by 2011 are grossly overstated since it can cancel the order for substantially less money than the costs of the completed plane AND the parties entered into a settlement agreement wherein the airplane in the possession of Defendant was returned to minimize damages. No financial credits are reflected in the pleading.  Defendant continued to pay for the aircraft as long as he could under the circumstances.

There exists no fraud or fraudulent conduct on the part of Defendant in his business

dealings with Plaintiff or its related entities.

1. Defendant denies each and every allegation, matter or thing contained in Plaintiff's Complaint unless otherwise specifically admitted or answered herein.

2. In response to the allegations contained in paragraphs 1, 2, and 3, as well as the introductory paragraph, Defendant is not required to admit or deny legal conclusions and therefore denies the same and puts Plaintiff to its strict burden of proof thereof.

3. Defendant is unable to admit or deny the allegations contained in paragraph 3 [sic – there are 2 paragraphs numbered 3] relating to whether or not Plaintiff is a Delaware corporation and, therefore, denies the same and puts Plaintiff to its burden of proof thereof.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant qualifiedly admits the allegations contained in paragraph 5 since he is unfamiliar with the exact business of Plaintiff.

6. In response to the allegations contained in paragraphs 6, 7 and 9, Defendant states that the agreements speak for themselves, and to the extent the allegations differ or contradict the same, he denies said allegations, and puts Plaintiff to its strict burden of proof thereof.

7. In response to paragraph 8, Defendant denies that he "induced" Plaintiff to enter into the subject agreement. Defendant affirmatively alleges all prior paragraphs herein, and puts Plaintiff to its strict burden of proof thereof.

8. Defendant denies the allegations contained in paragraphs 10, 11, and 12 and puts Plaintiff to its strict burden of proof thereof. Plaintiff already had Defendant's personal and business financial statements. Defendant affirmatively alleges that financial disclosures prepared and provided by his certified public accountants were to the best of his knowledge and information properly prepared and that he reasonably relied upon said professionals to properly

3

disclose his financial status in statements prepared.  Moreover, Plaintiff was provided access to Defendant's accountants and other third parties to address questions and information contained in his financial statements and business operations.

9. Defendant denies the allegation contained in paragraph 13, and puts Plaintiff to its strict burden of proof thereof.

10. In response to the allegations contained in paragraph 14 and 16, Defendant states that the agreements referenced therein speak for themselves and to the extent said allegations differ or contract the same, he denies said allegations, and puts Plaintiff to its strict burden of proof thereof.

11. Defendant denies the allegations contained in paragraph 15, and puts Plaintiff to its strict burden of proof thereof.  Defendant had previously financed 4 or 5 airplanes and was a preferred customer.  Moreover, VFS Financing, Inc. had sufficient loan to value ratios in all aircraft financings.

12. Defendant denies the allegations contained in paragraph 17, 18 and 19, and puts Plaintiff to its strict burden of proof thereof.  Plaintiff already had Defendant's personal and business financial statements.  Defendant affirmatively alleges that financial disclosures prepared and provided by his certified public accountants were to the best of his knowledge and information properly prepared and that he reasonably relied upon said professionals to properly disclose his financial status in statements prepared.  Moreover, Plaintiff was provided access to Defendant's accountants and other third parties to address questions and information contained in his financial statements and business operations.

13. Defendant is unable to admit or deny the allegations contained in paragraphs 20 and 21 and, therefore, denies the same and puts Plaintiff to its strict burden of proof thereof.

14. In response to the allegations contained in paragraphs 22 and 24, Defendant states that the agreements referenced therein speak for themselves and to the extent said allegations differ or contract the same, he denies said allegations, and puts Plaintiff to its strict burden of proof thereof.

15. Defendant denies the allegations contained in paragraph 23, and puts Plaintiff to its strict burden of proof thereof.

16. Defendant denies the allegations contained in paragraph 25, 26, and 27, and puts Plaintiff to its strict burden of proof thereof. Plaintiff already had Defendant's personal and business financial statements. Defendant affirmatively alleges that financial disclosures prepared and provided by his certified public accountants were to the best of his knowledge and information properly prepared and that he reasonably relied upon said professionals to properly disclose his financial status in statements prepared. Moreover, Plaintiff was provided access to Defendant's accountants and other third parties to address questions and information contained in his financial statements and business operations.

17. Defendant is unable to admit or deny the allegations contained in paragraph 28 and, therefore, denies the same, and puts Plaintiff to its strict burden of proof thereof.

18. Defendant denies the allegations contained in paragraph 29 and puts Plaintiff to its strict burden of proof thereof. Plaintiff has the ability to cancel the 2011 aircraft for substantially less monies than alleged therein.

19. In response to paragraph 30, Defendant incorporates by reference all prior paragraphs herein.

20. Defendant denies the allegations contained in paragraphs 31, 32, 33, 34, 35 and 36, and put Plaintiff to its strict burden of proof thereof.

21. In response to paragraph 37, Defendant incorporates by reference all prior paragraphs herein.

22. Defendant denies the allegations contained in paragraphs 37, 38, 39, 40, 41 and mis-numbered paragraphs 35 and 36 [all allegations contained in Plaintiff's second claim for relief] and puts Plaintiff to its strict burden of proof thereof.

23. In response to mis-numbered paragraph 37, the first paragraph under Plaintiff's third claim for relief, Defendant incorporates by reference all prior paragraphs herein.

24. Defendant denies mis-numbered paragraphs 38, 39, 40, 41, 35 and 36 [the entirely of all allegations however numbered], as found in Plaintiff's third claim for relief, and puts Plaintiff to its strict burden of proof thereof.

## AFFIRMATIVE DEFENSES

**WHEREFORE**, Defendant incorporates by reference all prior paragraphs herein and affirmatively alleges the following additional affirmative defenses:

1. Plaintiff's Complaint fails to sate a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred in whole or part, by the equitable doctrine of estoppel, waiver, and laches.

3. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

4. Plaintiff's Complaint is barred, in whole or part, by the doctrines of assumption of risk and / or contributory negligence.

5. Plaintiff's Complaint is barred, in whole or part, by its failure to properly plead with the requisite specificity the alleged fraud and other alleged intentional wrongdoing, as required by F.R.C.P. 9(b).

6. Defendant affirmatively alleges that financial disclosures prepared and provided by his certified public accountants were to the best of his knowledge and information properly prepared and that he reasonably relied upon said professionals to properly disclose his financial status in statements prepared. Moreover, Plaintiff was provided access to Defendant's accountants and other third parties to address questions and information contained in his financial statements and business operations.

7. Plaintiff's Complaint is barred, in whole or part, by its own knowledge and information conveyed by Defendant relative to his finances and business operations during the relevant time period.

8. Plaintiff's Complaint is barred, in whole or part, by payment and /or the value of collateral securing payment that was obtained by Plaintiff, which should be credited against all amounts due and owing. Upon information and belief, Plaintiff fails to disclose an alternative source of monies from the Advantage bankruptcy filing. Additionally, Plaintiff has engaged in self-help in the form of taking credit offsets of monies due and owing to Defendant pursuant to his earn out (the buyout of assets Plaintiff purchased).

9. Plaintiff's Complaint is barred, in whole or part, by its failure to mitigate its damages. By not cancelling the order for the 2011 aircraft, Plaintiff has directly caused no less than $12,000,000.00 of its own claimed damages in Count Two of its Complaint.

10. Plaintiff's Complaint is barred, in whole or part, by the failure of consideration.

11. Plaintiff's Complaint is barred, in whole or part, by the Statute of Frauds.

12. Plaintiff's Complaint is barred, in whole or part, by the doctrine of *in pari delicto.*

13. Defendant reserves the right to interpose additional affirmative defenses as discovery is undertaken in this matter.

**WHEREFORE,** Defendant Dennis E. Hecker prays that Plaintiff's Complaint be dismissed with prejudice and on the merits, and that Defendant be awarded his attorney's fees and costs incurred in defending this action. Hecker further prays that he be provided with a detailed accounting from Plaintiff.

**SKOLNICK & SHIFF, P.A**.

Dated: November 13, 2009  /e/ LuAnn M. Petricka
William R. Skolnick #137182
LuAnn M. Petricka #18505X
527 Marquette Avenue South, #2100
Minneapolis, MN 55402
(612) 677-7600
wskolnick@skolnick-shiff.com
petricka@visi.com

**ATTORNEYS FOR DEFENDANT DENNIS E. HECKER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Dennis E. Hecker                                                   BKY No. 09-50779 RJK

                Debtor.

Gelco Corporation d/b/a GE Fleet
Services, a Delaware Corporation,

                Plaintiff,

                                                       Adversary No. 09-05039

v.

Dennis E. Hecker,

                Defendant.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 13, 2009, I caused the following ANSWER to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following listed below:

| | |
|---|---|
| US Trustee | ustpregion12.mn.ecf@usdoj.gov |
| Clinton E. Cutler | ccutler@fredlaw.com, mdavis@fredlaw.com |
| Randall L. Seaver | rlseaver@fullerseaverramette.com, rseaver@ecf.epiqsystems.com |
| Joseph W. Lawver | jlawver@messerlikramer.com |

Dated: November 13, 2009                 **SKOLNICK & SHIFF, P.A.**

                                                        /e/ William R. Skolnick
                                                        William R. Skolnick #137182
                                                        LuAnn M. Petricka #18505X
                                                        2100 Rand Tower
                                                        527 Marquette Avenue South
                                                        Minneapolis, MN 55402
                                                        (612) 677-7600
                                                        wskolnick@skolnick-shiff.com
                                                        **ATTORNEY FOR DENNIS E. HECKER**